**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:    maimons@aol.com

Attorney for Plaintiffs
SUSAN SHAOULI,
TRUSTEE OF THE
JOHN AND SUSAN
SHAOULI LIVING
TRUST, LILLIAN
MOUSAZADEH; RENE
OCAMPO BARRERA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN SHAOULI, TRUSTEE OF THE JOHN AND SUSAN SHAOULI LIVING TRUST; LILLIAN MOUSAZADEH; RENE OCAMPO BARRERA,<br><br><br><br>Plaintiffs,<br><br>v<br><br>MORSE MEHRBAN; ALEJANDRO DIAZ; DOES 1-10 INCLUSIVE,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[42 U.S.C. SECTION 1983 – VIOLATION OF CIVIL RIGHTS]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs SUSAN SHAOULI, TRUSTEE OF THE JOHN AND SUSAN SHAOULI LIVING TRUST, LILLIAN MOUSAZADEH RENE OCAMPO BARRERA ("Plaintiffs" or as individually named "SS," "LM," RB") file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Section 1983 and 15 U.S.C. Section 1692, et seq.

## PARTIES

1. Plaintiffs are the legal and beneficial owners and operators of real property located at 3865 Whittier Blvd., Los Angeles, CA 90023 ("Property").

2. Defendant MORSE MEHRBAN ("MM") is an attorney whose principal place of business is at 15720 Ventura Blvd., Suite 306, Encino, CA 91436.

3. Defendant ALEJANDRO DIAZ ("AD") is an individual who at all times material herein resides in Los Angeles County, CA.

4. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs is unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately

caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

<u>**FACTS COMMON TO ALL CLAIMS**</u>

5.    Plaintiffs are owners of the Property which operates as a commercial strip mall with various businesses leasing units at the Property from them.

6.    At all times material herein, the Plaintiff RB leased a space at the Property operating a bakery open to the public.

7.    On March 15, 2024, Defendant MM filed a complaint for damages on behalf of the Defendant AD against the Plaintiffs in the Los Angeles Superior Court in a case entitled <u>Alejandro Diaz v Susan Shaouli, et al.</u>, LASC Case No. 24STLC01870 alleging a violation of the Unruh Civil Rights Act, <u>California Civil Code</u> Section 51, claiming a violation of the American Disabilities Act, 42 U.S.C. Section 12182 and C.F.R. Sections 36.201 and 36.206 in being unable to access BB's bakery as a claimed disabled individual ("State Case").

8.    After serving the Plaintiffs in the State Case, prior to May 8, 2024, Plaintiffs' counsel in the State Case contacted the Defendant MM and MM and Plaintiffs' counsel agreed to a three week extension to file an answer to the complaint because Plaintiffs' counsel's wife had been hospitalized on April 28, 2024 ("Agreement 1").

9.    Yet, despite Ahe agreement between Plaintiffs and the Defendants, on May 8, 2024, the Defendants, without notice and opportunity to be heard, requested and entered a default in the State Case against the Plaintiffs and on May 17. 2024, once again, without notice and opportunity to be heard, requested and entered a default in the State Case against the Plaintiffs in the amount of $5,286.75, which included $4,000.00 in damages, $800.00 in attorney fees, and $486.75 in costs ("Judgment").

10.    After the entry of the Judgment, on June 5, 2024, Plaintiffs' counsel contacted the Defendant MM by e-mail, requesting that the he and the Defendant AD stipulate to set aside the default and Judgment given the Agreement, and on the same day, the Defendant MM agreed in an e-mail to set aside the default and Judgment. ("Agreement 2").

11.    Nevertheless, despite the actions set forth in paragraphs 7-10 above, and Agreements 1 and 2, the Defendants instituted collection actions on the Judgment against the Plaintiffs in the State Case, requesting from the Court and obtaining a Writ of Execution ("Writ") on December 6, 2024 threatens to execute the Writ by way of the Los Angeles County Sheriff's  Department on Plaintiffs' real and personal property, and recording an Abstract of Judgment on March 18, 2025, and a Memorandum of Costs after Judgment on April 10, 2025, all without notice and opportunity to be heard by the Plaintiffs, and without ever informing the court in the State Case the actions set forth in

paragraphs 7-10 above, and Agreements 1 and 2.

12.   Despite the fact that Plaintiffs contend that the default and Judgment are void as a matter of law in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and can be attacked as such at any time, the Plaintiffs do not seek to litigate the default and Judgment in this Court, but state such facts as historical facts in this case.

13.   Rather, Plaintiffs seek their civil rights remedies under 42 U.S.C. Section 1983 and their federal statutory rights under 15 U.S.C. 1692 et seq. as to the post-judgment collection actions by the Defendants, and each of them, and will seek to set aside the default and Judgment in the State Case.

Based on the above facts, Plaintiffs allege the following claims.

## FIRST CLAIM OF RELIEF

**(Violation of 42 U.S.C. Section 1983 by Plaintiffs
Against All Defendants)**

14.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-13 above.

15.   Plaintiffs allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the County of Los Angeles and the State of California for purposes of "state action" and "color of law" under 42 U.S.C.  Section 1983.

16.     Plaintiffs further allege that in doing all of the things herein mentioned, the Defendants, and each of them, violated and further threaten toviolate the constitutional and civil rights of the Plaintiffs, in particular their individual rights under the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause.

17.     Defendants are not entitled to any immunity, qualified or Otherwise.

18.     As a proximate result of the foregoing actions of the defendants and each of them, Plaintiffs each have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each Defendant, and are also entitled to appropriate declaratory and injunctive relief.  Plaintiffs are also entitled to their reasonable attorney's fees under 42 U.S.C. Section 1988.

## SECOND CLAIM OF RELIEF

### (Violation of 15 U.S.C. Section 1692, et seq. by Plaintiffs Against Defendant MM Only)

19.     Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraphs 1-18 above.

.      20.   In taking the actions, set forth in paragraphs 1-18 above, the Defendant MM violated the Plaintiffs federal statutory rights under 15 U.S.C. Section 1692, et seq., the federal Fair Debt Collection Practices Act ("FDCPA").

     21    As a proximate result of the foregoing actions of the defendants and each of them, Plaintiffs each have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each Defendant MM, and are also entitled to appropriate declaratory and injunctive relief.   Plaintiffs are also entitled to their reasonable attorney's fees under the FDCPA.

     WHEREFORE, Plaintiffs prays judgment against the Defendants, and each of them, as follows:

## FIRST CLAIM FOR RELIEF

1.   For damages according to proof at trial but believed to be not less than $10,000,000.00;

2.   For appropriate declaratory and injunctive relief;

3.   For attorney's fees;

## SECOND CLAIM FOR RELIEF

4.   . For damages according to proof at trial but believed to be not less than $10,000,000.00;

5.   For appropriate declaratory and injunctive relief;

5.   For attorney's fees;

1
2

## **FOR ALL CLAIMS FOR RELIEF**

3
4

    7.  For costs of suit;

5

    8.  For such other and further relief as the Court deems proper.

6

Dated: April 28, 2025           LAW OFFICES OF FRANK A. WEISER

7
8

                By: /s/ Frank A. Weiser

9

              _____

10

              FRANK A. WEISER, Attorney for
for Plaintiffs SUSAN SHAOULI,
TRUSTEE OF THE JOHN
AND SUSAN SHAOULI LIVING
TRUST, LILLIAN MOUSAZADEH;
RENE OCAMPO BARRERA

11
12
13

## **DEMAND FOR JURY TRIAL**

14

    Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

15
16

Dated: April 28, 2025           LAW OFFICES OF FRANK A. WEISER

17
18

                By: /s/ Frank A. Weiser

19

              _____
FRANK A. WEISER, Attorney for
for Plaintiffs SUSAN SHAOULI,
TRUSTEE OF THE JOHN
AND SUSAN SHAOULI LIVING
TRUST, LILLIAN MOUSAZADEH;
RENE OCAMPO BARRERA

20
21
22
23
24
25
26
27
28